# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| **CYNTHIA MCKINNEY,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) |
| **H&P CAPITAL, INC., NOEL** | ) |
| **POOLER AND GARY HENRION,** | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b),

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

## PARTIES

4.     Plaintiff, Cynthia McKinney ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Snohomish, and City of Everett.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, H&P Capital, Inc. d/b/a HP & Associates ("H&P") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant, Noel Pooler ("Pooler") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.     Defendant, Gary Henrion ("Henrion") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

9.     "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

10.     Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

11.     H&P Capital, Inc., Noel Pooler and Gary Henrion ("Defendants") a

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

"debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.    Defendants, via their agent and/or employee "Ms. Dixon," placed a call to Plaintiff's work telephone on November 3, 2010 @ 10:29 A.M. a time or place Defendants knew, or should have known, to be inconvenient for Plaintiff, and at such time, left a message in which Defendants failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. §§ 1692c(a)(1),

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1692e(11)).

16.     Defendants, via their agent and/or employee "Ms. Dixon," made

initial contact with Plaintiff via telephone call on November 3, 2010 @ 10:29

A.M., and at such time, failed to provide Plaintiff with the notices required by 15

USC § 1692g, and failed to provide Plaintiff with such notices in writing within 5

days thereof. (15 U.S.C. § 1692g(a) et seq.).

### 15 U.S.C. §1692(d)(6)

17.     The FDCPA at section 1692d(6) provides:

> A debt collector may not engage in any conduct the
>
> natural consequence of which is to harass, oppress, or
>
> abuse any person in connection with the collection of a
>
> debt. Without limiting the general application of the
>
> foregoing, the following conduct is a violation of this
>
> section:
>
> *       *       *
>
> (6) Except as provided in section 1692b of this title, the
>
> placement of telephone calls without meaningful
>
> disclosure of the caller's identity.

15. U.S.C. § 1692d(6).

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

18.   "Section 1692d(6) . . . requires a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Baker v. Allstate Financial Services, Inc.*, 554 F.Supp.2d 945, 949-50 (D. Minn. 2008).

19.   A debt collector necessarily violate[s] § 1692d(6) when [it] fail[s] to disclose [its] identity as a debt collector and the nature of the call when [it leaves] a message on [a] plaintiff's voice mail." *Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007); see also *Hutton v. C.B. Accounts, Inc.,* 2010 WL 3021904, *3 (C.D. Cal. 2010) ("Defendant cites no authority to support its argument that leaving an employee's first name and return telephone number are sufficient as a matter of law for meaningful disclosure under the FDCPA").

20.   "[M]eaningful disclosure requires more than merely disclosing an alias." *Savage v. NIC, Inc.,* 2009 WL 2259726, *3 (D. Ariz. 2009). "Meaningful disclosure requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call." *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763, *4 (S.D. Cal. 2010).

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**15 U.S.C. §1692(e)(11)**

21.     The FDCPA at section 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*        \*        \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §1692e(11).

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

22.    "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." *Drossin v. Nat'l Action Financial Services, Inc.,* 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009).

23.    "A collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communications." *Masciarelli v. Richard J. Boudreau & Associates, LLC*, 529 F. Supp. 2d 183, 186 (D. Mass. 2007); *Winberry v. United Collection Bureau*, Inc., 692 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) ("This court is persuaded that the plain language of the statute as it now reads, having been amended, requires a debt collector to identify in subsequent communications that he is a debt collector" ); *Pipiles v. Credit Bureau of Lockport*, 886 F. 2d 22, 26 (2d Cir. 1989) ("[W]e must now address the question left open in Emanuel and determine whether the Notice, a follow-up communication, was also required to comply.  We hold that it was, and therefore rule that Pipiles has established a violation of section 1692e(11)."); *Frey v. Gangwish*, 970 F. 2d 1516, 1520 (6th Cir. 1992) ("follow-up communications are subject to the disclosure requirements of section 1692e(11)"); *Carroll v. Wolpoff & Abramson*, 961 F. 2d 459, 461 (4th Cir. 1992), cert. denied, 113 S. Ct. 298 (1992) (holding that follow-up notices are subject to the disclosure requirements

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

of section 1692e(11)); *Dutton v. Wolpoff & Abramson*, 5 F. 3d 649, 654 (3d Cir. 1993) (rejecting Pressley because it "changes the clear and unambiguous language 'all communications' and substitutes the more limited phrase 'some communications.'")

24.    Voice messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Hutton v. C.B. Accounts, Inc.*, 2010 WL 3021904, 2-3 (C.D. Cal. 2010) ("[A] debt collector's failure to identify itself as such in initial and subsequent communications, be they oral or written, with a debtor is a violation of the FDCPA."); *Savage v. NIC, Inc.,* 2009 WL 2259726, *3 (D. Ariz. 2009) ("the Court finds that leaving a phone message constitutes the placement of a telephone call under § 1692d(6)."); *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336, 1340-1341 (S.D. Fla. 2008) ("Although debt collectors are to refrain from mentioning the debt when communicating with third parties, they must indicate to the consumer their identity, that the debt collector is attempting to collect a debt, and that any information obtained would be used for that purpose.") (citing *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 *4 (M.D. Fla. 2006) (("[M]essages left on answering machines that did not directly convey information about a debt were still communications under the FDCPA,

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

because they conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt.")); Foti *v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655-56 (S.D. N.Y. 2006) ("Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected."); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 ("[M]essages left by defendant on plaintiff's answering machine constitute "communications.") (citing FTC Staff Commentary on FDCPA, 53 Fed. Reg. 50103 (Dec. 13, 1988) (rejecting contentions that "contacts that do not explicitly refer to the debt are not 'communications' and, hence, do not violate any provision where that term is not used" and concluding that some contacts that do not mention debt may refer to the debt "indirectly," thereby constituting communications)).

## COUNT I
## DEFENDANT H&P

25.  Plaintiff repeats and re-alleges each and every allegation contained above.

26.  Defendant violated the FDCPA as detailed above.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT POOLER

27.    Plaintiff repeats and re-alleges each and every allegation contained above.

28.    Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    g) Adjudging that Defendant violated the FDCPA;

    h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k,

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

in the amount of $1,000.00;

i)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## DEFENDANT HENRION

29.  Plaintiff repeats and re-alleges each and every allegation contained above.

30.  Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

m) Adjudging that Defendant violated the FDCPA;

n)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

o)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

p)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

this action;

q)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 3rd day of May, 2011.


s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com