THE HONORABLE JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **CYNTHIA MCKINNEY**, <br><br> Plaintiff, <br><br> vs. <br><br> **H&P CAPITAL, INC., NOEL POOLER AND GARY HENRION,** <br><br> Defendants. | Case No. 2:11-cv-00752-JCC <br><br> **PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND TO ENTER AN ORDER OF JUDGMENT IN FAVOR OF PLAINTIFF** |

Plaintiff, Cynthia McKinney ("Plaintiff"), by and through her counsel of record, Weisberg & Meyers, LLC, hereby submits her Motion to Enforce Settlement Agreement with Defendants, H&P Capital, Inc., Noel Pooler, and Gary Henrion ("Defendants") and Motion to Enter Judgment in Favor of Plaintiff. In support thereof, Plaintiff states as follows:

1. Plaintiff filed her original Complaint in this case on May 3, 2011, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Doc. 1).

2. On July 7, 2011, Defendant H&P Capital, Inc. filed its Answer to Plaintiff's Complaint. (Doc. 6).

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT-1
Case No. 2:11-cv-00752-JCC

Jon N. Robbins (WSB #28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

3. Defendant H&P Capital, Inc.'s Answer was signed by both Stephen A. Bernheim and Steven Dunn. (Doc. 6).

4. On August 4, 2011, Steven Dunn filed an Application for Leave to Appear Pro Hac Vice for Defendant H&P Capital, Inc, using Stephen A. Bernheim as his sponsoring local attorney. (Doc. 9).

5. Both Stephen A. Bernheim and Steven Dunn signed all documents filed on behalf of Defendants. (See Docket).

6. On October 19, 2011, Defendant Gary Henrion filed his Answer. (Doc. 15).

7. On November 28, 2011, Defendant Joel Pooler filed his Answer. (Doc. 18).

8. On January 4, 2012, Plaintiff and Defendants agreed to a settlement. (See Email correspondence, attached hereto as Exhibit "A").

9. Pursuant to the terms of the settlement, Defendants were obligated to transmit settlement payment funds in the amount of three thousand ($3,000.00) within thirty (30) days from the date of acceptance. (Exhibit A).

10. In reliance on the settlement agreement, Plaintiff filed a Notice of Settlement with this Court on February 2, 2012. (Doc. 20).

11. On February 21, 2012, Stephen A. Bernheim withdrew as counsel for Defendants, citing Defendants' "failure to pay any legal fees billed whatsoever." (Doc. 22).

12. As of the date of this filing, Plaintiff has not received the agreed-upon settlement funds.

13. Compromises of disputed claims are favored by the courts." *Williams v. First Nat. Bank of Pauls Valley*, 216 US 582, 595 (1910); *Weinberger v. Kendrick*, 698 F.2d 61, 73

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT-2
Case No. 2:11-cv-00752-JCC

Jon N. Robbins (WSB #28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(2d Cir. 1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); *Hallock v. State of New York*, 64 N.Y.2d 224, 230 (N.Y. 1984) ("Stipulations of settlement are favored by the courts and not lightly cast aside.").

14.  Settlement agreements are in the nature of contracts." *Makins v. District of Columbia*, 277 F.3d 544, 546 (D.C. Cir. 2002). "Normally, if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract." *Arnold v. United States*, 816 F.2d 1306, 1309 (9th Cir. 1987).

15.  District courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994).

16.  District courts must interpret and analyze settlement agreements under state law contract principles. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).

17.  In Washington, when determining whether informal writings such as emails are sufficient to establish a contract, courts consider whether: (1) the subject matter has been agreed upon, (2) all terms were stated in the informal writing, and (3) the parties intention to create a binding agreement. *Wild Bainbridge v. Mainlander Services Corp.*, No. C04-5054, 2008 WL 2244996, at 3 (W.D. Wash. May 29, 2008) (*citing Morris v. Maks*, 69 Wash. App. 865, 869, 850 P.2d 1357 (1993)).

18.  "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement," *Young v. FDIC*, 103 F.3d 1180,

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT-3
Case No. 2:11-cv-00752-JCC

Jon N. Robbins (WSB #28991)
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1195 (4th Cir. 1997), and the fact that the agreement is not in writing does not render it unenforceable, *Alexander v. Industries of the Blind, Inc.*, 901 F.2d 40, 41 (4th Cir. 1990).

19. The parties email exchange established (1) that the agreed upon subject matter was a settlement in this matter, (2) the terms of the agreement, (3) the intent of the parties to enter the agreement. (Exhibit A).

20. Thus, Plaintiff and Defendants' agreement is enforceable and the parties must adhere to the terms of settlement. *Morris v. Maks*, 69 Wash.App. at 869.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order compelling Defendants to honor the terms of the settlement agreement, including requiring Defendants to remit the settlement funds and to enter an Order of Judgment in favor of Plaintiff in the amount of three thousand ($3,000.00).

Respectfully submitted this 23rd day of March, 2012.

s/Jon N. Robbins  
Jon N. Robbins (WSB # 28991)  
WEISBERG & MEYERS, LLC  
3877 N. Deer Lake Rd.  
Loon Lake, WA 99148  
509-232-1882  
866-565-1327 facsimile  
jrobbins@AttorneysForConsumers.com  
Attorney for Plaintiff

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT-4  
Case No. 2:11-cv-00752-JCC

Jon N. Robbins (WSB #28991)  
WEISBERG & MEYERS, LLC  
3877 N. Deer Lake Rd.  
Loon Lake, WA 99148  
509-232-1882  
866-565-1327 facsimile  
jrobbins@AttorneysForConsumers.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2012, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Western District of Washington at Seattle using the electronic case filing system of the court.

s/ Jon N. Robbins  
Jon N. Robbins

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT-5  
Case No. 2:11-cv-00752-JCC

Jon N. Robbins (WSB #28991)  
WEISBERG & MEYERS, LLC  
3877 N. Deer Lake Rd.  
Loon Lake, WA 99148  
509-232-1882  
866-565-1327 facsimile  
jrobbins@AttorneysForConsumers.com